IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES G. MONTEMAYOR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0012-K |
| | § | |
| LUPE VALDEZ, Sheriff | § | |
| Dallas County, Texas, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James G. Montemayor, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**I.**

Petitioner pled guilty to aggravated sexual assault of a child under 14 years of age and was sentenced to 16 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Montemayor*, No. 61,232-01 (Tex. Crim. App. Sept. 28, 2005). Petitioner then filed this action in federal court.[1]

**II.**

In four grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) he was not advised of his right to appeal; and (4) he is actually innocent.

---

[1] Petitioner is currently incarcerated in the Dallas County Jail awaiting transfer to the TDCJ-ID. Therefore, the proper respondents in this action are Sheriff Lupe Valdez, the officer who has current custody of petitioner, and Texas Attorney General Greg Abbott, the attorney general of the state where the judgment was entered. *See* Rules Governing Section 2254 Cases, Rule 2(b).

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004).  Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In two related grounds, petitioner contends that his guilty plea was involuntary because the trial judge and defense counsel misrepresented that he was eligible for probation.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[2]

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002).

2.

Petitioner was charged with aggravated sexual assault of a child under 14 years of age. Instead of accepting the state's offer of a 10-year sentence, petitioner entered an "open plea" of guilty. The plea agreement signed by petitioner and his attorney discloses the nature of the charge, the range of punishment, and leaves open the possibility of deferred adjudication probation. (St. Hab. Tr. at 28-29). At the plea hearing, petitioner testified that he understood the sentencing options on an open plea of guilty, which were anywhere from deferred adjudication to life in prison. Petitioner further acknowledged that his attorney did not promise a particular sentence or that he would get probation. (*See id.* at 34-36). After reviewing the presentence report, the trial court declined petitioner's request for deferred adjudication probation and sentenced him to 16 years confinement. (*Id.* at 35).

Petitioner now contends that his guilty plea was involuntary and unlawfully induced because the trial judge and defense counsel misrepresented that he was eligible for probation. In support of this argument, petitioner points to Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(E), which excludes from probation or community supervision those persons convicted of aggravated sexual assault. However, petitioner remained eligible for deferred adjudication probation under Tex. Code. Crim. Proc. Ann. art. 42.12, § 5(a). That statute provides, in pertinent part:

> Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. A judge may place on community supervision under this section a defendant charged with . . . [aggravated sexual assault], regardless of the age of the victim . . . only if the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2005).[3] *see also Guerrero v. Dretke*, No. 3-04-CV-2552-R, 2005 WL 624183 at *3 (N.D. Tex. Mar. 16, 2005) (Kaplan, J.) (recognizing that persons charged with aggravated sexual assault remain eligible for deferred adjudication probation under Texas law). Nothing in the record suggests that petitioner was misled by the trial court or defense counsel. Consequently, these grounds for relief should be overruled.

## C.

Petitioner also criticizes his attorney for failing to file a notice of appeal or to advise him of his right to appeal. In a sworn affidavit filed with the state habeas court, William T. Knox, counsel for petitioner, stated that "I routinely tell the Defendant that, after conviction [and] sentence, he/she may file a Motion for New Trial or Notice of Appeal within thirty (30) days." (St. Hab. Tr. at 46). The state court implicitly rejected petitioner's claim, finding that Knox "is a trustworthy individual and that the statements made by him in his affidavit are worthy of belief." (*Id.* at 39). This finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the state court findings.

## D.

Finally, petitioner contends that he is actually innocent.[4] A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733,

---

[3] Article 42.12, § 5(d) excludes from deferred adjudication those persons charged with certain sex offenses who previously have been placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(2). However, that exclusion is not applicable to petitioner.

[4] Respondent correctly notes that petitioner did not raise this claim in his state writ. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Id*. at 741. Here, petitioner has failed to establish an underlying constitutional violation. Nor is there any evidence of his innocence. This ground for relief is without merit and should be overruled.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 14, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE